**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LINDA CHEWNING and FLOYD
CHEWNING,

    Plaintiffs,

vs.                                      Case No. 3:12-cv-1086-J-12JBT

TARGET CORPORATION, INC., etc.,

    Defendant.

_____

**ORDER**

    This case is before the Court on Plaintiffs' Motion for Remand (Motion for Remand, Doc. 26), Defendant's response in opposition (Doc. 29), and "Plaintiff Linda Chewning's Reply ..." (Reply, Doc. 35). Plaintiffs assert that diversity jurisdiction was lacking in this case at the time of removal because no sufficient factual basis existed to conclude that the amount in controversy exceeded $75,000. For the reasons set forth below, the Court finds the Motion for Remand is due to be denied.

    Plaintiffs filed this negligence action in state court seeking damages for serious bodily injury Plaintiff Linda Chewning sustained in a fall on "Black Friday," November 26, 2010, when a crowd of customers rushed to enter one of Defendant's retail stores for the annual post-Thanksgiving sale. See Complaint (Doc. 2) at 2-3. Defendant removed the case to this Court on October 5, 2012, based upon diversity jurisdiction. See Defendant Target's Notice of Removal (Notice of Removal), Doc. 1. In addition to general allegations regarding

Plaintiffs' serious and permanent damages in the Complaint, Defendant's Notice of Removal cites and attaches the following evidence in support of its contention that the amount in controversy exceeded $75,000 at the time of removal:

> 1. Plaintiff Linda Chewning's response to interrogatories indicating that as a result of Defendant's negligence, she had broken her left shoulder with a permanent loss of range of motion and continuing pain, developed carpal tunnel syndrome, been advised that due to her injuries she would develop arthritis in both her left arm and shoulder, and had lost work for a period of time in excess of six weeks (Notice of Removal, Doc. 1 at ¶ 8 and Doc. 1-3 at 9);
> 2. Plaintiffs' responses to Defendant's Request for Admissions admitting that the amount in controversy exceeds $75,000 and denying that it did not exceed $75,000 ( Id. at ¶ 9 and Doc. 1-4 at 1 and 2); and
> 3. Medical records regarding Plaintiff Linda Chewning's injuries (Id. at ¶ 10 and Doc. 1-5).

A motion to remand based upon any defect other than lack of subject matter jurisdiction must be filed within thirty (30) days of removal. 28 U.S. § 1448(c). Plaintiffs argue that their Motion for Remand, filed over six months after removal, is not untimely because the Court lacked subject matter diversity jurisdiction at the time of removal, so the case must be remanded. Plaintiffs assert that the evidence regarding the amount of damages for lost wages and medical bills at the time of removal fell far short of the $75,000 requirement and that the Court should not rely on their responses to Defendant's request for admissions regarding the amount in controversy, because they are factually unsupported legal conclusions.

The Court cannot agree that remand is required based upon the record in this case. The Court did not rely solely on Plaintiffs' unqualified admissions regarding the amount in controversy to conclude that Defendant had met its burden to establish that at the time of

removal it was more likely than not that the amount in controversy exceeded the jurisdictional threshold.  See, e.g., Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)(The party invoking federal jurisdiction bears the burden of proof to establish its existence by a preponderance of the evidence.)  The Court also relied on the evidence Defendant submitted regarding Plaintiff Linda Chewning's injuries and damages described above, which supported both the allegations regarding damages in the Complaint and the Plaintiffs' admissions.  The Court finds that the factual evidence, along with Plaintiffs' admissions, sufficiently established the Court's diversity jurisdiction at the time of removal.  Accordingly, it is

**ORDERED:**

Plaintiffs' Motion for Remand (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of June, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

Copies to:   Counsel of Record